IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRACY RAUSCH,<br><br>Defendant. | CV 18-96-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

The United States brings this action against Defendant Tracy Rausch ("Rausch") to recover a debt owed by Rausch for her default of a National Health Service Corps ("NHSC") Scholarship Program Contract. (Doc. 1.)

Presently before the Court is the United States' Motion for Summary Judgment (Doc. 11), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). The motion is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** the United States' motion be **GRANTED**.

## I.    BACKGROUND

The NHSC Scholarship Program was enacted by Congress for the purpose of providing an adequate supply of physicians and other healthcare professionals in medically underserved areas of the United States. 42 U.S.C. § 254*l*. Under the

1

program, scholarship recipients agree to provide healthcare services in a health professional shortage area, as determined by the Department of Health and Human Services ("DHHS"), in exchange for scholarship benefits.

All scholarship recipients are required to sign a NHSC Scholarship Program Contract.  42 U.S.C. § 254*l*(b)(4).  Under the terms of the contract, which are set by statute, the recipient must serve one year for each year of scholarship support received, or two years, whichever is greater. § 254*l*(f).  If the recipient fails to fulfill the service obligation, they are liable for three times the amount received, plus interest.  42 U.S.C. § 245*o*(b).  The debt must be repaid within one year of the date DHHS determines the recipient failed to begin or complete the period of obligated service.  *Id.*

On August 5, 1992, Rausch signed a NHSC Scholarship Program Contract, and received $22,957.00 in scholarship benefits for the 1992-1993 school year.  To perform her service obligation, DHHS later assigned Rausch to the Teton Medical Center in Choteau, Montana in May 1999.  But Rausch did not report for her service assignment or contact DHHS, and the NHSC program was notified that Rausch had not reported for service on January 21, 2000.  Thereafter, on June 4, 2001, notice of default was provided to Rausch, which included a demand for payment and instructions to request a repayment agreement if the full amount could not be paid within one year.

2

Rausch eventually reached a repayment agreement, wherein she made payments of $100.00 per month.  Payments commenced in September 2002, and her last voluntary payment was received by DHHS on June 22, 2012.   During the repayment period, and after the final voluntary payment, various notices of delinquency and default were sent to Rausch.  Rausch ultimately failed to pay the full amount due.

On June 20, 2018, the United States brought this action to recover the debt owed by Rausch.  (Doc. 1.)  The Complaint alleged that as of May 3, 2018, Rausch was indebted to the United States in the amount of $290,282.76, plus interest accruing after May 3, 2018 at a rate of $25.67 per day until the date of judgment.  (*Id.* at 3.)

On March 1, 2019, the United States filed the instant motion, seeking judgment in its favor on the full amount Rausch owed, which included the tripled principle and tripled interest.  (Doc. 11.)  Thereafter, the Court stayed the case while Rausch sought a waiver of her debt from DHHS.  In the meantime, interest continued to accrue.  As a result, Rausch's total debt was $550,618.25 as of November 30, 2020.  (Doc. 66-1.)

On December 7, 2020, however, DHHS granted Rausch partial relief.  (Doc. 66-1.)  DHHS waived two-thirds of the debt, including 2/3 of the tripled principle and 2/3 of the interest on the tripled principle.  (*Id.* at 2.)  Thus, Rausch was liable

only for repayment of the scholarship funds, plus interest.  (*Id.*)  DHHS indicated that Rausch was potentially eligible for further reduction of the debt, but because she failed to submit all of the required financial documentation, the additional relief was denied.  (*Id.*)  DHHS stated Rausch could request another waiver by submitting updated financial documentation.  (*Id.*)

In January 2021, the Court extended the stay to allow Rausch to compile and submit the necessary information to renew her waiver request.  (Doc. 48.)  But in January 2023, the parties advised the Court that DHSS had determined Rausch did not qualify for an additional waiver.  (Doc. 64.)  As a result, the parties agreed to submit the matter to the Court on summary judgment and completed briefing the instant motion.  (Docs. 64, 66, 67.)

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party.  *See Matsushita*, 475 U.S. at 587.

## III.   DISCUSSION

Rausch agrees that the facts set forth by the United States are true, and that there are no material facts in dispute.  Nevertheless, Rausch argues the United States is not entitled to summary judgment because the treble penalties and interest imposed upon her violate the Eighth Amendment's excessive fines clause.  Rausch contends that the $367,078.83 already credited to her under the partial waiver by DHHS should satisfy her obligation under the scholarship agreement, and that any additional sums should be deemed an unconstitutional, excessive fine.

The United States points out that treble damages have already been eliminated, and asserts that it now only seeks to recover the outstanding principle, plus interest, pursuant to Rausch's contract.  Accordingly, the United States argues Rausch's indebtedness is not a penalty and the Eighth Amendment is inapplicable.

The Court agrees that the issue of treble damages is moot.  Rausch was granted a partial waiver, and therefore, is no longer liable for treble damages.  But even if treble damages were still at issue, courts have routinely rejected the argument that treble damages under the NHSC Scholarship Program are an unconstitutional penalty or are otherwise unconscionable.  *See e.g. United States v.*

5

*Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992); *United States v. Fowler*, 659 F.Supp. 624, 625 (N.D. Cal. 1987); *United States v. Hugelmeyer*, 774 F.Supp. 559, 562 (D. Ariz. 1991); *Buongiorno v. Sullivan*, 912 F.2d 504, 510 n.5 (D.C. Cir. 1990) (collecting cases); *United States v. Turner*, 660 F.Supp. 1323, 1332 (E.D.N.Y. 1987) (citing cases).

Because Rausch no longer owes treble damages, she is only liable for repayment of the principle plus interest.  Although Rausch's outstanding balance is substantial due to the accrued interest, it is not unconscionable for United States to collect interest at prevailing rates.  *United States v. Walker*, 653 F.Supp. 818, 824 (S.D. W.Va. 1987) (rejecting NHSC scholarship recipient's argument that "a 15% interest rate is unconscionable when such a rate has been and continues to be used in all manner of commercial transactions").

Rausch's contract provided that interest would accrue "at the maximum legal prevailing rate, as determined by the Treasurer of the United States[.]"  (Doc. 1-2 at 1.)  These terms were established by statute.  42 U.S.C. § 254*l*(f); 254*o*(b). Hence, the defense of unconscionability to the interest rate is unavailing.  *United States v. Martin*, 710 F.Supp. 271, 274 (C.D. Cal. 1989) (stating defense of unconscionability does not apply to contracts in which terms have been established by statute); *Walker*, 653 F.Supp. at 824 ("The reasoned action of a legislative body must be deemed to cloak the interest rate with legitimacy.").

Accordingly, the United States is entitled to summary judgment on its claim for repayment of outstanding principal and accrued interest on Rausch's indebtedness to NHSC.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the United States' Motion for Summary Judgment (Doc. 11) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 9th day of May, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge